**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOHNNY LEE MARA,
          *Defendant-Appellant.*

No. 07-30102

D.C. No.
CR-06-30025-2-
OMP

OPINION

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted February 26, 2008*

Filed April 28, 2008

Before: Robert R. Beezer, Ferdinand F. Fernandez, and
M. Margaret McKeown, Circuit Judges.

Opinion by Judge McKeown

---

*The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Robert M. Stone, Esq., Medford, Oregon, for the appellant.

Douglas W. Fong, Esq., Assistant United States Attorney, United States Attorney's Office, Medford, Oregon, for the appellee.

## OPINION

McKEOWN, Circuit Judge:

Johnny Lee Mara appeals his 77-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Mara argues that pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 3E1.1(a), he was entitled to a two-level downward adjustment of his sentence because he accepted responsibility for his crime. The question we address is whether unrelated criminal conduct following a guilty plea may be considered in evaluating a defendant's acceptance of responsibility.

Mara pled guilty in exchange for the government's recommendation that he be given a sentence at the low end of the Guidelines range. The government reserved the right to with-

hold the recommendation if, prior to sentencing, Mara acted in a manner inconsistent with his acceptance of responsibility.

While awaiting sentencing at the county jail, Mara was involved in a physical altercation. Four different inmates confirmed that Mara played a culpable role in the conflict. Following the incident, the government withdrew its sentencing recommendation on the ground that the jailhouse altercation was a breach of the plea agreement. At the sentencing hearing, the district court determined that the incident demonstrated that Mara had failed to accept responsibility for his crime. Accordingly, the district court declined to give Mara a two-level downward adjustment of his sentence.

**[1]** Mara argues that because his involvement in the jailhouse fight was conduct separate and apart from his firearm conviction, this subsequent unrelated incident should not be considered in determining whether he accepted responsibility. We have previously held that ongoing criminal activity *related* to the offense of conviction is sufficient to negate a defendant's acceptance of responsibility for the crime. *United States v. Cooper*, 912 F.2d 344, 346-48 (9th Cir. 1990). In addressing this question of first impression with respect to *unrelated* conduct, we hold that a district court may, in its discretion, consider criminal activity unrelated to the offense of conviction in evaluating whether a defendant has voluntarily withdrawn from criminal conduct for purposes of granting a sentencing reduction for acceptance of responsibility.

Section 3E1.1(a) provides that the district court should reduce the defendant's offense by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The Application Notes provide that the district court may consider, among other factors, a defendant's "voluntary termination or withdrawal from criminal conduct or associations" in determining whether the defendant has accepted responsibility. U.S.S.G. § 3E1.1(a) Application Note 1(b).

**[2]** We begin by noting that neither the text of U.S.S.G. § 3E1.1(a) nor the Application Notes restrict consideration of criminal conduct to "related" criminal conduct or even to conduct of the same nature as the offense. The Application Notes, which are a compilation of some, but not all, relevant considerations in an acceptance of responsibility determination, are written broadly. Finally, Application Note 5 counsels that the sentencing judge is in a "unique position to evaluate a defendant's acceptance of responsibility." The sentencing judge is given significant latitude under the Guidelines to assess the sincerity of a defendant's claim of responsibility.

**[3]** As the Third Circuit noted, a sentencing judge should not be bound to accept a defendant's "mechanical plea" as a genuine acceptance of responsibility where that plea is followed by continued criminal acts. *United States v. Ceccarani*, 98 F.3d 126, 130 (3d Cir. 1996). Consideration of unrelated conduct is not improper because "the defendant's post-offense conduct can shed significant light on the genuineness of a defendant's claimed remorse." *Id.* at 129. That a defendant's continuing criminal conduct is different in nature, character, or degree from the offense of conviction does not undermine the fact that it is inconsistent with acceptance of responsibility.

Our decision today aligns us with eight of the nine other circuits that have considered this issue. *See United States v. Arellano*, 291 F.3d 1032, 1035 (8th Cir. 2002); *United States v. Prince*, 204 F.3d 1021, 1023-24 (10th Cir. 2000); *Ceccarani*, 98 F.3d at 130; *United States v. McDonald*, 22 F.3d 139, 143-44 (7th Cir. 1994); *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994); *United States v. Olvera*, 954 F.2d 788, 793 (2d Cir. 1992); *United States v. O'Neil*, 936 F.2d 599, 600-01 (1st Cir. 1991); *United States v. Watkins*, 911 F.2d 983, 985 (5th Cir. 1990). Only the Sixth Circuit has held to the contrary. *See United States v. Morrison*, 983 F.2d 730, 735 (6th Cir. 1993) (holding that subsequent illegal conduct that is unrelated to the underlying offense cannot diminish a

defendant's acceptance of responsibility for the crime of which he was convicted).

**[4]** Because Mara engaged in continued criminal activity following his conviction, the district court did not err in concluding that he had not demonstrated the acceptance of responsibility necessary to receive a reduced sentence under U.S.S.G. § 3E1.1(a).[1]

**[5]** Mara also posits that the district court erred in relying on hearsay statements contained in the police report. U.S.S.G. § 6A1.3(a) provides: "In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." Here, the statements contained in the report were sufficiently corroborated so as to provide the requisite indicia of reliability. The district court did not abuse its discretion in using the report to conclude that Mara played a blameworthy role in the jailhouse conflict. *United States v. Ingham*, 486 F.3d 1068, 1076-78 (9th Cir. 2007).

**AFFIRMED.**

---

[1]In his reply brief, Mara raises for the first time the argument that the district court erroneously believed that it had no authority to grant an adjustment of his sentence for acceptance of responsibility. We decline to address this issue as it was not raised in Mara's opening brief. *See United States v. Mitchell*, 502 F.3d 931, 953 n.2 (9th Cir. 2007).