NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10041 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-3 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| DANIEL CASTANEDA-MARTINEZ, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 10-10043 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-2 |
| | ) | |
| v. | ) | |
| | ) | |
| JUAN NUNEZ-ROMERO, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | No. 10-10046 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00347-JCM-PAL-1 |
| | ) | |
| v. | ) | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

RAYMUNDO ARIAS-CEJA, AKA )
Alejandro Delgadillo, AKA )
Armondo Valencia-Chavez, )
)
    Defendant – Appellant. )
)
_____ )
UNITED STATES OF AMERICA, )       No. 10-10086
)
    Plaintiff – Appellee, )       D.C. No. 2:08-cr-00347-JCM-PAL-4
)
    v. )
)
JOSE RAMIREZ-ALVAREZ, )
)
    Defendant – Appellant. )
)
_____ )

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 15, 2011[**]
San Francisco, California

Before:    WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Daniel Castaneda-Martinez, Raymundo Arias-Ceja, and Juan Carlos Nunez-

Romero appeal their sentences after their convictions upon guilty pleas to the crime

_____

[**]United States v. Castaneda-Martinez, United States v. Nunez-Romero, and
United States v. Arias-Ceja submitted without argument. United States v.
Ramirez-Alvarez argued and submitted.

2

of conspiracy to possess drugs with intent to distribute them. See 21 U.S.C. § 846. Jose Ramirez-Alvarez appeals the district court's denial of his motion to withdraw his guilty plea to the same conspiracy charges. We affirm.

(1)     Castaneda, Arias and Nunez all assert that the district court erred when it denied them a downward adjustment to their offense levels under the United States Sentencing Guidelines for their acceptance of responsibility. See USSG §3E1.1.[1] We disagree. Because the district court "is in a unique position to evaluate a defendant's acceptance of responsibility,"[2] while we do review its findings for clear error,[3] we accord it "great deference."[4] The burden of clearly demonstrating acceptance of responsibility is upon the defendant,[5] and, here, no clear demonstration was forthcoming. The defendants did not fall within the "rare situations" commentary because they pled before they were actually convicted.

---

[1] All references to the Sentencing Guidelines are to the November 1, 2009, version.

[2] USSG §3E1.1, comment. (n.5); see also United States v. Mara, 523 F.3d 1036, 1038 (9th Cir. 2008).

[3] See United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir. 2009).

[4] USSG §3E1.1, comment. (n.5); see also United States v. Vance, 62 F.3d 1152, 1157 (9th Cir. 1995).

[5] See USSG §3E1.1(a); see also United States v. Lopez-Patino, 391 F.3d 1034, 1038 (9th Cir. 2004).

See USSG §3E1.1, comment. (n.2). Nor did they fall within the "significant evidence of acceptance" commentary because they did not plead "prior to the commencement of trial." Id. at comment. (n.3). What remained was the bare fact that they did plead guilty, and their weak statements of apology.[6] The district court did not err in determining that was not sufficient to carry their burden.

(2)    Nunez then asserts that he was entitled to a two point downward adjustment for his allegedly minor role. See USSG §3B1.2. We disagree. He bore the burden of proving that he was entitled to that adjustment,[7] and while he might well have shown that he was less culpable than certain of the other defendants, the district court did not clearly err when it determined that he was not "substantially less culpable."[8]

(3)    Nunez also asserts that the sentence imposed upon him was unreasonable, even though it was within the calculated guideline range. He asserts

---

[6]Incidentally, Castaneda did not even assert error at the district court, so we review his claim for plain error. See United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); United States v. Gallegos, 613 F.3d 1211, 1213–14 (9th Cir. 2010).

[7]See Ajala v. U.S. Parole Comm'n, 997 F.2d 651, 656 (9th Cir. 1993).

[8]See USSG §3B1.2, comment. (n.3(A)); United States v. Rosas, 615 F.3d 1058, 1067 (9th Cir. 2010); United States v. Cantrell, 433 F.3d 1269, 1283 (9th Cir. 2006).

4

procedural error[9] based upon the same complaints about the guideline calculations that we have disposed of above. He asserts substantive unreasonableness[10] solely on the basis that a lesser sentence would have been appropriate, but a sentence within the guideline range, as his was, is usually reasonable,[11] and the facts of this case do not require a determination that his sentence fell outside of that normal expectation of reasonableness.

(4) Castaneda argues that the district court erred when it gave him an upward adjustment for reckless endangerment. See USSG §3C1.2. We review for plain error,[12] because at the district court, far from making that objection, he agreed that the presentence report's recommendation was correct. Castaneda asserts that the district court was required to make specific findings of fact, but that is incorrect where, as here, no objection was made. See United States v. Ponce, 51 F.3d 820, 826 (9th Cir. 1995); see also United States v. Carter, 560 F.3d 1107, 1119 (9th Cir. 2009); United States v. Rigby, 896 F.2d 392, 394 (9th Cir. 1990). On the facts of this case — Castaneda's ramming an occupied police car with his car — we see no

[9]See United States v. Carty, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

[10]See id.

[11]See id. at 994.

[12]See United States v. Waknine, 543 F.3d 546, 551 (9th Cir. 2008).

5

error in the district court's determination, much less plain error.[13]  See United States v. Reyes-Oseguera, 106 F.3d 1481, 1483–84 (9th Cir. 1997); United States v. Cordova Barajas, 360 F.3d 1037, 1044 (9th Cir. 2004).

(5)     Ramirez asserts that the district court abused its discretion[14] when it denied his motion to withdraw his guilty plea.  It did not.  He had the burden of demonstrating a "'fair and just reason'" for his request and he did not do so.[15]  He asserts that the plea colloquy indicates that he did not understand the nature of the charges against him.  Our review of the transcripts belies that assertion; the district court was careful to make sure that he did understand before it accepted his plea.[16] He also argues that the district court erred when taking his plea because it did not specifically state that it would consider sentencing factors under 18 U.S.C. § 3553(a).  See Fed. R. Crim. P. 11(b)(1)(M).  That objection was not brought to

---

[13]We decline to consider Castaneda's claim that his counsel was ineffective. He must raise that claim in a 28 U.S.C. § 2255 proceeding, if at all.  See United States v. Sager, 227 F.3d 1138, 1149 (9th Cir. 2000); United States v. Andrews, 75 F.3d 552, 557 (9th Cir. 1996).

[14]See United States v. Briggs, 623 F.3d 724, 727 (9th Cir. 2010).

[15]Id. at 728 (quoting Fed. R. Crim. P. 11(d)(2)(B)).

[16]Any suggestion that he did not appreciate the possible length of his sentence is otiose.  He was clearly told what that possible length was and acknowledged that fact.  His suggestion that he was not communicating well with his counsel is similarly insubstantial where, as here, he has given no indication of what that failure actually amounted to.

the district court's attention, so we review for plain error. See United States v. Benz, 472 F.3d 657, 658–59 (9th Cir. 2006). The district court did specifically explain to him that it had the discretion to impose what it "consider[ed] to be a reasonable sentence" and could even exceed the guideline calculation in doing so. In light of that, it is doubtful that there was any error at all, and, certainly, none of Ramirez's substantial rights were violated. See Olano, 507 U.S. at 734–35, 113 S. Ct. at 1777–78. He has not shown any fair and just reason to withdraw his plea.

AFFIRMED.