NOT FOR PUBLICATION

# FILED

MAY 10 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 09-10340 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 2:08-cr-00258-SRB-4 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JUAN LOMAS, Jr., | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | No. 09-10358 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | D.C. No. 2:08-cr-00258-SRB-10 |
| Plaintiff – Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEWART EDWARDS, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | No. 09-10359 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | D.C. No. 2:08-cr-00258-SRB-7 |
| Plaintiff – Appellee, | ) | |
| | ) | |
| v. | ) | |

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

JOEL ERAS-MACHADO, )
)
    Defendant – Appellant. )
)
_____ )
) No. 09-10360
UNITED STATES OF AMERICA, )
) D.C. No. 2:08-cr-00258-SRB-1
    Plaintiff – Appellee, )
)
    v. )
)
JOY DOREEN WATSON, AKA )
Joy Watson, AKA Thelma Watson, )
)
    Defendant – Appellant. )
)
_____ )


Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 11, 2011[**]
San Francisco, California

Before:    FERNANDEZ, RAWLINSON, Circuit Judges, and WELLS,[***]
District Judge.

_____

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).


[***]The Honorable Lesley Wells, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Juan Lomas, Jr., Stewart Edwards, Joel Eras-Machado, and Joy Doreen Watson appeal the judgments against them arising out of a prosecution for conspiracy to possess marijuana with intent to distribute,[1] possession of marijuana with intent to distribute,[2] and money laundering.[3] We dismiss in part and affirm in part.

(1)     We dismiss Lomas' appeal because he entered into a plea agreement in which he validly waived his right to appeal,[4] and the district court did not say or do anything at sentencing to deprive that waiver of its full force and effect.[5] On the contrary, the district court made it plain that, in its opinion, the right to appeal had been waived.

(2)     Edwards asserts that the district court erred when it enhanced his offense score by two levels because loaded guns were possessed during the

---

[1] 21 U.S.C. § 846.

[2] 21 U.S.C. §§ 841(a)(1), 841(b)(1).

[3] 18 U.S.C. § 1956(h).

[4] See United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005); United States v. Bibler, 495 F.3d 621, 623–24 (9th Cir. 2007).

[5] See United States v. Watson, 582 F.3d 974, 987–88 (9th Cir. 2009); United States v. Lopez-Armenta, 400 F.3d 1173, 1176–77 (9th Cir. 2005); United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997).

commission of the offense. See USSG §2D1.1(b)(1).[6] While Edwards did not personally possess a weapon, the district court did not clearly err[7] when it determined that he was part of the drug conspiracy and transaction and that he could reasonably foresee that another participant would be armed.[8] Among other things, this was a very large drug deal, as Edwards well knew, and that alone points to the conclusion that those involved could reasonably foresee possession of a gun by one or more of the participants. See Garcia, 909 F.2d at 1349–50; United States v. Willis, 899 F.2d 873, 875 (9th Cir. 1990).

Edwards next asserts that the district court erred when it did not consider whether he was entitled to so-called safety valve relief. See 18 U.S.C. § 3553(f); USSG §5C1.2(a). Because he expressly told the district court that under the circumstances he was not so entitled, we review his claim for plain error. See United States v. Olano, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776, 123 L. Ed. 2d 508 (1993); United States v. Benford, 574 F.3d 1228, 1231 & n.1 (9th Cir. 2009); see also United States v. Perez, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)

---

[6]All references to the United States Sentencing Guidelines are to the November 1, 2008, version thereof.

[7]See United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir. 1990); see also United States v. Alba-Flores, 577 F.3d 1104, 1107 (9th Cir. 2009).

[8]See USSG §1B1.3(a); United States v. Ortiz, 362 F.3d 1274, 1277–78 (9th Cir. 2004); Garcia, 909 F.2d at 1349–50.

(holding that even invited error may be subject to plain error review).  We will assume, without deciding, that the district court relied upon Edwards' statement and that in so doing it committed error[9] that was plain.[10]  Even so, Edwards has not shown that the assumed error affected his substantial rights, that is, that the error was prejudicial.  See Olano, 507 U.S. at 734–35, 113 S. Ct. at 1777–78; United States v. Campbell, 42 F.3d 1199, 1204 (9th Cir. 1994).  That is so because he failed to demonstrate that he had provided to the government all material information he had regarding the activities of himself and his co-conspirators.  See 18 U.S.C. § 3553(f)(5); USSG §5C1.2(a)(5); United States v. Shrestha, 86 F.3d 935, 939 (9th Cir. 1996).  Thus, Edwards has not shown that he is entitled to plain error relief.

(3)     Eras attacks both his conviction and his sentence.

(a)     Eras' assertion that the evidence was insufficient to sustain his conviction fails.  We are unable to say that when we consider the evidence in a light most favorable to the prosecution, no rational trier of fact could find "'the essential elements of the crime beyond a reasonable doubt.'"  United States v.

---

[9]See Olano, 507 U.S. at 732–33, 113 S. Ct. at 1777.

[10]That is, error that was clear-cut and obvious.  See United States v. Wahid, 614 F.3d 1009, 1015 (9th Cir. 2010); United States v. Brigham, 447 F.3d 665, 669 (9th Cir. 2006).

5

Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc); see also Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979).  The evidence supported a determination that he was a member of the group that brought the marijuana and guarded it.  The fact that an innocent explanation was possible does not undercut the verdict.  See Nevils, 598 F.3d at 1164–65; United States v. Gutierrez, 995 F.2d 169, 171 (9th Cir. 1993).

(b)    Eras' sentencing claims fare no better.  He was subject to the gun enhancement, just as Edwards was.  In fact, there was even more reason to believe that he knew of the presence of the guns.

Moreover, on this record, we cannot say that the district court clearly erred[11] when it determined that Eras had not demonstrated that he was a minimal participant in this drug transaction.[12]  His argument for a minimal role adjustment is an echo of his argument that he was not guilty at all, but the evidence demonstrates that his situation is not one that demands the application of an adjustment that is to "be used infrequently."  USSG §3B1.2, comment. (n.4); see also United States v. Awad, 371 F.3d 583, 591 (9th Cir. 2004).

Eras next asserts that he should have received a reduction in his

---

[11]See United States v. Rosas, 615 F.3d 1058, 1067 (9th Cir. 2010).

[12]USSG §3B1.2(a); United States v. Davis, 36 F.3d 1424, 1436 (9th Cir. 1994).

offense level for acceptance of responsibility. See USSG §3E1.1. We are unable to say that the district court erred[13] in denying that reduction because he never gave any indication that he did accept responsibility. He went to trial,[14] did not express remorse at sentencing,[15] and, indeed, continues to dispute the sufficiency of the evidence against him.[16]

(4)    Watson also attacks the district court's sentencing decisions. She first claims that the district court erred when it applied grouping[17] to her marijuana and money laundering convictions.[18] She makes two novel arguments to support her attack,[19] but she has not pointed to persuasive authorities that support those

---

[13]See United States v. Mara, 523 F.3d 1036, 1038–39 (9th Cir. 2008); United States v. Martinez-Martinez, 369 F.3d 1076, 1088–89 (9th Cir. 2004); United States v. Scrivener, 189 F.3d 944, 947 (9th Cir. 1999).

[14]See USSG §3E1.1, comment. (n.2); Martinez-Martinez, 369 F.3d at 1090.

[15]Cf. United States v. Cortes, 299 F.3d 1030, 1038 (9th Cir. 2002) (where a defendant manifests appropriate contrition, an acceptance of responsibility adjustment is appropriate).

[16]See United States v. Diaz-Cardenas, 351 F.3d 404, 408 (9th Cir. 2003).

[17]See USSG §3D1.2(c), comment. (n.5).

[18]See USSG §2S1.1, comment. (n.6).

[19]She claims that, in effect, one can never group a money laundering offense with the underlying offense that produced funds, and that because she was arrested before she could obtain or launder the funds from this particular transaction, grouping was also inappropriate.

arguments.[20] Because she failed to raise the issue in the district court, we review the grouping decision for plain error, and it is clear that the error, if any, was not "'so clear-cut, so obvious, [that] a competent district judge should be able to avoid it without benefit of objection.'" Brigham, 447 F.3d at 669; see also United States v. Frady, 456 U.S. 152, 163, 102 S. Ct. 1584, 1592, 71 L. Ed. 2d 816 (1982). Therefore, this sortie fails.

Watson also claims that she should not have received a four level leadership enhancement to her offense level score. See USSG § 3B1.1(a). We disagree. No doubt the government bore the burden of showing that the enhancement applied,[21] but here the evidence amply supported the determination that she was the leader of a criminal enterprise that was extensive,[22] both in the numbers of individuals involved one way or another and in its scope and reach.[23]

Watson next asserts that she should not have been subject to the gun enhancement. Like her co-defendants, she was subject to that enhancement. She,

---

[20]Cf. USSG §2S1.1, comment. (n.6) (expressly directing grouping, which makes it unlikely that grouping is not allowable); United States v. Lopez, 104 F.3d 1149, 1151 (9th Cir. 1997) (holding, before §2S1.1, comment. (n.6) was adopted, that the underlying conduct and money laundering could be grouped).

[21]See United States v. Avila, 95 F.3d 887, 889 (9th Cir. 1996).

[22]See USSG §3B1.1(a).

[23]See United States v. Kubick, 205 F.3d 1117, 1126–27 (9th Cir. 1999); United States v. Rose, 20 F.3d 367, 374 (9th Cir. 1994).

even more than the others, was well aware of the possibility that guns would be present and, in fact, knew that they were.

Finally, Watson asserts that her sentence was substantively unreasonable as compared to the others in her enterprise. Again, we must disagree with her. The mere fact that her sentence was longer than the sentences of others was insufficient, by itself, to result in a substantively unreasonable sentence. See 18 U.S.C. § 3553(a) (listing the sentencing considerations of which unwarranted disparity is one); United States v. Treadwell, 593 F.3d 990, 1011–12 (9th Cir. 2010); United States v. Marcial-Santiago, 447 F.3d 715, 718–19 (9th Cir. 2006). Moreover, the fact that she received a sentence within the calculated guideline range, points toward reasonableness. See United States v. Carty, 520 F.3d 984, 993–94 (9th Cir. 2008) (en banc); see also Rita v. United States, 551 U.S. 338, 350–51, 127 S. Ct. 2456, 2464–65, 168 L. Ed. 2d 203 (2007). There was ample evidence to show that Watson was the spider at the center of this web of crime, and that she merited a high sentence — one even higher than that of any other member of the group. The district court was sensitive to the need to avoid unwarranted disparities and did not err in sentencing Watson.

DISMISSED as to Lomas; AFFIRMED as to Edwards, Eras-Machado and Watson.

9