**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50144 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-04360-LAB-1 |
| v. | |
| JOSE EDGAR AMPARO-PALOMARES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50158 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00929-BEN-1 |
| v. | |
| JOSE EDGAR AMPARO-PALOMARES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District Judge.[**]

These consolidated appeals concern Jose Edgar Amparo-Palomares' ("Amparo") consecutive sentences for (1) illegal reentry in violation of 8 U.S.C. § 1326; and (2) violating the terms of supervised release from a prior illegal reentry conviction. We affirm.

**(1)** The district court did not procedurally err in considering evidence regarding Amparo's 2005 conviction for false imprisonment by fraud or deceit in violation of California Penal Code §§ 236, 237(a).

"[I]n determining the particular sentence to be imposed," the district court was required to "consider– . . . the need . . . to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). A defendant's "potential for danger to the community [is thus] a § 3553(a)(2) factor that may properly be considered" by a sentencing judge. *United States v. Miqbel*, 444 F.3d 1173, 1175 n.3 (9th Cir. 2006). In making that determination, the district court was entitled to look beyond the record of conviction to determine whether the facts supporting

[**] The Honorable Lee H. Rosenthal, District Judge for the U.S. District Court for the Southern District of Texas, sitting by designation.

Amparo's arrest suggested he would pose such a danger. *See, e.g.*, *United States v. Christensen*, 732 F.3d 1094, 1104 & n.2 (9th Cir. 2013).

The colloquy at sentencing makes clear that the district court was aware that Amparo's crime did not "involve violence, per se," and that the crime to which Amparo pleaded guilty was not the same as the one for which he was arrested or charged. What the district court characterized as Amparo's "dangerousness" focused on Amparo's failure to return the young girl to her mother, an accurate description of what occurred even on Amparo's own account.

Nor did the district court violate Amparo's due process rights by considering hearsay statements of the alleged victims contained in police reports. Courts may consider "information relevant to the sentencing determination 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.'" *United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001) (quoting U.S.S.G. § 6A1.3(a)). Given the similarities among the witnesses' statements, as well as the similarities between Amparo's own statement and those of the alleged victims, the police reports had "the requisite indicia of reliability" to allow for their consideration at sentencing. *United States v. Mara*, 523 F.3d 1036, 1039 (9th Cir. 2008).

**(2)**    Amparo's 18-month sentence for illegal reentry was not substantively unreasonable.  The district court provided a "rational and meaningful" explanation of its decision to vary upward from the Sentencing Guidelines, relying primarily on the need to deter Amparo from committing future immigration violations and the ineffectiveness of other courts' prior, shorter sentences for the same conduct. *United States v. Ruiz-Apolonio*, 657 F.3d 907, 911 (9th Cir. 2011) (quotation marks and citations omitted).

**(3)**    Nor was Amparo's 14-month sentence for violating the terms of his supervised release substantively unreasonable.  The district court did not punish Amparo for committing a new illegal reentry in violation of 8 U.S.C. § 1326, but rather sanctioned him for a breach of the court's trust.  *See Miqbel*, 444 F.3d at 1182 ("[A]t a revocation sentencing, a court may appropriately sanction a violator for his 'breach of trust,' but may not punish him for the criminal conduct underlying the revocation.").  The district court was aware that Amparo had already been sentenced to 18 months imprisonment for the new illegal reentry conviction, and was exercising its discretion to sanction Amparo for violating the terms of his supervised release.

**AFFIRMED.**

4