

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30094 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00155-BLW-11 |
| v. | |
| MICHAEL DENNIS MORRIS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted July 9, 2014[**]
Seattle, Washington

Before: ALARCÓN, KLEINFELD, and MURGUIA, Circuit Judges.

Michael Morris challenges the 156-month sentence imposed following his

jury-trial conviction for conspiring to possess with intent to distribute

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Morris challenges his sentence in four ways. First, he argues that he was deprived of due process because the district court relied on unreliable evidence to impose a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines ("U.S.S.G.") § 3C1.1. The district court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); see also United States v. Vanderwerfhorst, 576 F.3d 929, 935 (9th Cir. 2009). We review the district court's determination of reliability for abuse of discretion. United States v. Felix, 561 F.3d 1036, 1040 (9th Cir. 2009).

The district court based its decision to impose the enhancement on the trial testimony of Morris's co-conspirator, Kristopher Hensley. Hensley testified that while he and Morris were in jail, Morris threatened to stab him if he testified against Morris. The district court did not abuse its discretion in finding that Hensley's testimony was sufficiently reliable. The sentencing judge heard Hensley

2

testify under oath and was able to assess his credibility. Morris's lawyer had the opportunity to cross-examine Hensley. Further, Hensley's testimony was supported by an affidavit from his lawyer, which stated that Hensley reported the threat to him a day after it happened. See United States v. Chee, 110 F.3d 1489, 1492 (9th Cir. 1997) (holding that a crime victim's statements were sufficiently reliable in part because they were made immediately after the crime). Though the affidavit is hearsay, a sentencing court may consider hearsay that "has sufficient indicia of reliability." U.S.S.G. § 6A1.3(a); see also Chee, 110 F.3d at 1492.

Morris cites United States v. McGowan, 668 F.3d 601 (9th Cir. 2012), where we held that an inmate's allegations that a prison guard used methamphetamine and smuggled drugs into prison were unreliable. In McGowan, however, the district court did not have an opportunity to observe the inmate testify, defense counsel did not have an opportunity for cross examination, and we saw no reason why the inmate's serious and uncorroborated claims had to be believed. Id. at 607–08. This case is distinguishable on all three grounds. We conclude that the district court did not abuse its discretion in finding that Hensley's testimony and his lawyer's affidavit were sufficiently reliable to demonstrate, by a preponderance of the evidence, that Morris threatened Hensley.

3

Second, Morris contends that the district court should have granted him a two-level minor-role reduction under U.S.S.G. § 3B1.2(b). We review for clear error. United States v. Cantrell, 433 F.3d 1269, 1282 (9th Cir. 2006). Even though Morris was charged only for the drugs with which he was personally involved, he was not precluded from consideration for a minor-role reduction in light of the overall conspiracy. § 3B1.2, cmt. n.3(A). Nonetheless, Morris did not meet his burden of proving that he is "substantially less culpable" than the average participant. See id.; Cantrell, 433 F.3d at 1282–83. The district court properly considered the amount of methamphetamine Morris purchased from his co-conspirators; the frequency of his purchases; that he had methamphetamine, scales, and packaging materials in his home when he was arrested; and that he sold methamphetamine to a confidential informant. Because these facts showed that Morris's involvement was similar to other mid-level dealers in the conspiracy, the district court did not clearly err by denying the adjustment.

Third, Morris argues that the district court erred by failing to apply a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1. A defendant is entitled to the reduction only if he "*clearly* demonstrates acceptance of responsibility for his offense." United States v. Rosas, 615 F.3d 1058, 1067 (9th

4

Cir. 2010) (quoting § 3E1.1). The district court correctly noted that granting Morris the reduction would be inconsistent with its finding that Morris obstructed justice. Id.; § 3E1.1, cmt. n.4 ("[C]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."). Thus, the court's finding that Morris threatened Hensley, "by itself, renders the . . . decision to deny an acceptance of responsibility reduction reasonable absent an extraordinary case." Rosas, 615 F.3d at 1067.

Morris has not demonstrated that he has an extraordinary case. At the sentencing hearing, Morris argued that he tried to plead guilty but that he and the government disagreed over the quantity of drugs he would admit to possessing. The prosecution said that they offered Morris a plea agreement, which he refused, and the parties never discussed quantity. Given the lack of certainty over the parties' communications and the charges to which Morris was willing to plead to, the district court did not err in finding that Morris did not clearly demonstrate acceptance of responsibility. The court's conclusion is further supported by its finding that Morris attempted to illegally distribute steroids after his conviction. See United States v. Mara, 523 F.3d 1036, 1038–39 (9th Cir. 2008) (noting that

consideration of unrelated criminal conduct "can shed significant light on the genuineness of a defendant's claimed remorse").

Fourth, Morris argues that his 156-month sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Morris's sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). The sentence, which is in the middle of the advisory Guidelines range, is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors, including Morris's criminal history and post-offense conduct. See id.

**AFFIRMED.**