NOT FOR PUBLICATION

FILED

FEB 26 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10040 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00113-GMN-PAL-4 |
| v. | |
| ERIK DUSHAWN WEBSTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted February 14, 2013
San Francisco, California

Before: SCHROEDER, NOONAN, and MURGUIA, Circuit Judges.

The district court sentenced Eric Dushawn Webster to 300 months

imprisonment after a jury convicted him of conspiring to traffic five or more

kilograms of cocaine (in violation of 21 U.S.C. §§ 841(a)(1) and 846) and

conspiring to launder money (in violation of 18 U.S.C. § 1956(h)). Webster

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

appeals both his conviction and sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

Webster argues first that he was assisted ineffectively by his trial counsel, who *may* have failed to relay a plea offer that the Government *might* have made. That Webster lacks a clear record of (1) whether an offer was made, and (2) whether his attorney relayed the offer—if one was made in the first place—is fatal to his claim. We will not entertain a claim of ineffective assistance of counsel on direct appeal unless the record is developed well enough to allow us to evaluate trial counsel's effectiveness ourselves, or trial counsel's performance was so obviously deficient as to have denied the defendant his Sixth Amendment right to counsel. *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). This case presents neither of those circumstances, and we will not remand to the district court to allow Webster to burnish the record in support of this claim. *United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011). If Webster wishes to challenge the effectiveness of the assistance he received at trial, the proper vehicle for his challenge is a motion made pursuant to 28 U.S.C. § 2255. *McGowan*, 668 F.3d at 606.

Webster argues next that he was entitled to a mistrial after his co-defendants pled guilty, leaving him to face the jury on his own. Webster failed to raise this

issue before the district court, so we may reverse only if it was "so obvious" that Webster was entitled to a mistrial that "a competent district judge" would have granted him one without even being asked. *United States v. Turman*, 122 F.3d 1167, 1170 (9th Cir. 1997). On the facts before us, we can hardly conclude the district court erred so grievously, if at all. After Webster's co-defendants pled guilty, the district judge asked both parties to propose a missing co-defendant instruction. Without objection, the court then adopted the Government's proposed instruction, which mirrored Ninth Circuit Model Criminal Jury Instruction 2.14. That instruction counsels jurors not to concern themselves with absent co-defendants, and to base their verdict solely on the evidence against the remaining defendant. We presume the jurors heeded the instruction. *United States v. Maloney*, 699 F.3d 1130, 1147–48 (9th Cir. 2012).

Finally, Webster argues the district court lacked sufficient evidence to attribute 150 kilograms of cocaine to him when calculating his sentence. "The determination of the quantity of narcotics involved in an offense is a factual finding," which we review for clear error. *United States v. Asagba*, 77 F.3d 324, 325 (9th Cir. 1996). The Government seized no drugs directly from Webster, leaving the district court to estimate a quantity for which Webster could be held responsible. *United States v. Basinger*, 60 F.3d 1400, 1409 (9th Cir. 1995). The

3

district court did so in light of various facts, including the size of the vehicles Webster drove in the course of transporting the cocaine, the multiple trips Webster took in those vehicles, the amount of money Webster was paid for each trip, Webster's direction of a co-conspirator who also transported drugs in service of the conspiracy, and the similarly sized vehicle in which another of Webster's co-conspirators carried approximately 150 kilograms of cocaine in *one* trip. On this record, the district court's estimate of the amount of cocaine attributable to Webster is not illogical, implausible, or unsupported by inferences from facts in the record. *United States v. Pineda-Doval*, 692 F.3d 942, 944 (9th Cir. 2012).

**AFFIRMED.**