**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10240 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00547-CRB-1 |
| v. | |
| SAMUEL COHEN, AKA Mouli Cohen, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted May 8, 2013
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

Samuel Cohen appeals his jury conviction and sentence on fifteen counts of

wire fraud in violation of 18 U.S.C. § 1343, eleven counts of money laundering in

violation of 18 U.S.C. § 1957, and three counts of tax evasion, in violation of 26

U.S.C. § 7201. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 3742. We affirm the trial court in part and dismiss Cohen's ineffective assistance of counsel claim without prejudice.[1]

1. Cohen argues that his trial counsel rendered ineffective assistance by not consulting a handwriting expert. Claims of ineffective assistance of counsel are not generally considered on direct appeal; we review them only "where the record is sufficiently developed to permit review and determination of the issue, or the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1060 (9th Cir. 2000) (internal quotation marks omitted). Here, the legal representation was not so inadequate as to obviously deny Cohen his Sixth Amendment right to counsel, and the record was not sufficiently developed to permit our review of the specific issue raised by Cohen. The only evidence in the record of trial counsel's rationale for not consulting a handwriting expert was contained in an informal one-sentence email in which trial counsel gave an off-the-cuff explanation complete with the disclaimer that he was "going from recall" and "focused elsewhere." There was no evidentiary hearing regarding counsel's performance, and the record does not reveal how many hours trial counsel spent

---

[1] We address Cohen's claim that the district court improperly imposed a two-level sentencing enhancement under U.S. Sentencing Guidelines § 2B1.1(b)(9)(A) in an opinion filed concurrently with this disposition.

2

preparing the case or what investigative efforts trial counsel undertook. Under these circumstances we do not have enough evidence to review the ineffectiveness claim, and the claim is therefore dismissed without prejudice. *See United States v. McGowan*, 668 F.3d 601, 605-06 (9th Cir. 2012).

2. Cohen raises a Confrontation Clause challenge to the district court's limits on Cohen's cross-examination of Hari Dillon. We review de novo a challenge based on the exclusion of an area of inquiry, but we review the district court's restrictions of the scope or manner of cross-examination for abuse of discretion. *United States v. Larson*, 495 F.3d 1094, 1101 (9th Cir. 2007) (en banc). The district court's limitation on questions regarding Dillon's understanding of legal terms contained within his plea agreement represented a minor limitation intended to avoid confusing the jury; it was not an exclusion of an area of inquiry. *See id.* at 1102 (limitation on *scope* of cross-examination regarding Government's cooperating witnesses' biases and motivations to lie was not exclusion of area of inquiry). The jury heard evidence that Dillon had entered into a plea agreement and that he was motivated to cooperate with the government. The district court did not abuse its discretion by determining that a letter containing several layers of hearsay was substantially more prejudicial than probative. *See United States v. Spencer*, 1 F.3d 742, 744 (9th Cir. 1993) (district courts receive "'wide latitude'"

3

when balancing prejudicial effect of proffered evidence against its probative value (citation omitted)).

3.      The district court did not abuse its discretion by admitting evidence about Cohen's lavish lifestyle because a description of his lifestyle was probative of the manner in which Cohen conducted his scheme and relevant to whether the money he received was an investment, a loan, or funds he spent rather than funds he intended to repay.  Because Cohen's wealth was not admitted to establish motive, the authorities that Cohen cites, *United States v. Romero-Avila*, 210 F.3d 1017, 1022-23 (9th Cir. 2000); *United States v. Mitchell*, 172 F.3d 1104, 1108-09 (9th Cir. 1999), are inapposite.

4.      The district court did not err by denying Cohen's motion for a judgment of acquittal because the jury instructions were proper.  Contrary to Cohen's argument, the government did not proceed on co-schemer or vicarious liability theories; thus, the jury did not need to be instructed in those theories. *Cf. Francis v. Franklin*, 471 U.S. 307, 313 (1985) (jury charge that has "the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of a crime" violates due process); Model Crim. Jury Instr. 9th Cir. 8.124 cmt. (recommending use of mail fraud model jury instruction like, the

one used in Cohen's trial, for wire fraud).  The government provided sufficient evidence that Cohen obtained money by false pretenses.

5.     Cohen argues that his convictions for money laundering and tax evasion must be reversed, if the wire fraud convictions are reversed, because these counts were derivative of the wire fraud counts.  Because we affirm the convictions on wire fraud, we need not decide whether the money laundering and tax evasion counts were derivative of the wire fraud counts.

6.     The district court's sentencing decision was not the result of legal error and was not substantively unreasonable.  *See United States v. Carty*, 520 F.3d 984, 996 (9th Cir. 2008) (en banc).  The district court's loss findings were not clearly erroneous but were instead supported by a declaration summarizing the results of an investigation into the paper trail left by Cohen's fraud as well as trial testimony.  The victim-loss calculations were not clearly erroneous but were instead supported by trial testimony and an IRS agent affidavit.  *See United States v. Pham*, 545 F.3d 712, 722 (9th Cir. 2008) (counting for restitution purposes victims reflected in court's adopted loss calculation).  "Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' between [Cohen] and other offenders convicted of similar frauds." *United States v.*

*Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010). Any error by the district court in its discussion of a study presented by defense counsel was harmless in the context of the court's reasoned analysis and mid-guidelines sentence.

**AFFIRMED in part and DISMISSED without prejudice in part.**