**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50331 |
| Plaintiff - Appellee, | D.C. No. 8:13-cr-00206-DOC-1 |
| v. | |
| HECTOR MANUEL CERVANTES-TORRES, AKA Hector Manuel Cervantes, AKA Manuel Hector Cervantes, AKA Hector Cervantes-Torres, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted October 23, 2015[**]
Pasadena, California

Before: KOZINSKI, IKUTA, and OWENS, Circuit Judges.

Hector Manuel Cervantes-Torres appeals his jury conviction for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), being an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

illegal alien in possession of a firearm in violation of 18 U.S.C. § 922(g)(5)(A), and being an illegal alien found in the United States following deportation in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** Any error in admitting, without limiting instructions, evidence of Cervantes-Torres's prior felony conviction and hunting warning and Officer Wade's reasons for stopping Cervantes-Torres, was neither plain nor affected substantial rights. *United States v. Olano*, 507 U.S. 725, 733-35 (1993). Each had some probative value that was not so clearly outweighed by the prejudicial effect as to constitute plain error. *See United States v. Hardy*, 289 F.3d 608, 612 (9th Cir. 2002). The failure to give instructions regarding the limited purpose of prior-act evidence where no limiting instructions were requested was not reversible error. *See United States v. Multi-Mgmt., Inc.*, 743 F.2d 1359, 1364 (9th Cir. 1984). Furthermore, given the strength of the government's case against Cervantes-Torres, including his various admissions on the witness stand, any error did not affect substantial rights.

**2.** Cervantes-Torres's claim of ineffective assistance of trial counsel is not cognizable on direct appeal. Ordinarily, ineffective assistance claims must be reviewed via petition for habeas corpus, *Massaro v. United States*, 538 U.S. 500,

504-05 (2003), unless "the record on appeal is sufficiently developed to permit determination of the issue" or "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). Neither exception applies here. Counsel may have had strategic reasons for failing to collaterally attack a deportation order based on new law issued after the entry of the deportation order, and may have had strategic reasons for the decision not to move for severance, such as to avoid the risk of consecutive sentences. *See id.* at 606 ("[C]ounsel has not yet had an opportunity to explain his actions."); *see also Massaro*, 538 U.S. at 505 ("The trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them.").

**3.** Appellee's motion for judicial notice is denied.

**AFFIRMED**.

14-50331