**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50238 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-02450-BEN |
| v. | |
| MONICA LOPEZ-REAL, a.k.a. Patricia Martinez-Real, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted April 11, 2017**

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Monica Lopez-Real appeals from the district court's judgment and

challenges the 27-month custodial sentence and three-year term of supervised

release imposed following her guilty-plea conviction for being a removed alien

found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

Lopez-Real contends that the district court procedurally erred by failing to consider her mitigation arguments. The record reflects that the district court considered Lopez-Real's arguments for departures based on her health condition, rehabilitation, and the contemplated changes to the Sentencing Guidelines, but was not persuaded them. *See United States v. Perez-Perez*, 512 F.3d 514, 516 (9th Cir. 2008). Moreover, the reasons for imposing the sentence are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may also be inferred from the PSR or the record as a whole.").

Lopez-Real also contends that the district court violated her due process rights by relying on an unprosecuted 1997 arrest noted in the Presentence Report ("PSR"). The district court did not abuse its discretion in considering the undisputed fact in the PSR. *See United States v. McGowan*, 668 F.3d 601, 606-07 (9th Cir. 2012). Lopez-Real has failed to show that the district court relied on false or unreliable information in imposing her sentence. *See id.* at 606.

Lopez-Real next contends that the district court procedurally erred by failing to calculate the Guidelines range for the three-year term of supervised release it imposed. Because she did not object below, we review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude

that there is none. Lopez-Real has failed to show a reasonable probability that she would have received a different sentence had the district court calculated the supervised release Guidelines range. *See United States v. Christensen*, 732 F.3d 1094, 1101-02 (9th Cir. 2013).

Finally, the district court did not abuse its discretion in imposing the 27-month custodial sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The low-end Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Lopez-Real's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-50238