**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ROBERT MCGOWAN,
        *Defendant-Appellant.*

No. 10-50284

D.C. No.
2:07-cr-00113-
ODW-1

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding
Manuel L. Real, District Judge, Presiding

Argued and Submitted
January 10, 2012—Pasadena, California

Filed January 26, 2012

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt and
William A. Fletcher, Circuit Judges.

Opinion by Judge Reinhardt

**COUNSEL**

Andre Birotte Jr., U.S. Attorney, Los Angeles, California; Robert E. Dugdale, Assistant U.S. Attorney, Los Angeles, California; Lawrence S. Middleton, Assistant U.S. Attorney, Los Angeles, California; Elana Shavit Artson, Assistant U.S. Attorney, Los Angeles, California, for the plaintiff-appellee.

Dennis P. Riordan, San Francisco, California; Donald M. Horgan, San Francisco, California, for the defendant-appellant.

**OPINION**

REINHARDT, Circuit Judge:

Robert McGowan ("McGowan"), a former state prison guard, appeals his conviction and sentence stemming from his assault on two inmates. His case has been before us once before: we previously reversed the district court's grant of a judgment of acquittal following the jury's guilty verdict. McGowan now contends that the district court erred in failing to conditionally rule that he was entitled to a new trial if the

judgment of acquittal were to be reversed, and that he was deprived of the effective assistance of counsel when his trial counsel failed to make a new trial motion. We hold that a district court is not required to make, indeed has no authority to make, any ruling as to the grant of a new trial unless the defendant makes a motion requesting such a ruling. We also dismiss McGowan's ineffective assistance claim without prejudice to its being raised in a proceeding under 28 U.S.C. § 2255. McGowan further contends that he was deprived of due process when the district judge relied on a prison inmate's unreliable allegations at sentencing. Because the allegations in question were insufficiently reliable to serve as a basis for the 51-month sentence imposed, we vacate McGowan's sentence and remand for re-sentencing. That proceeding, as well as any collateral proceedings, shall be held before a new district judge.

**I**.

McGowan was indicted on two counts of violating 18 U.S.C. § 242 by depriving inmates of their constitutional right to be free of cruel and unusual punishment. He was also charged with conspiring to obstruct justice for his participation in a scheme to impede the grand jury investigation of the assaults in which he was involved. After a jury found him guilty on all counts, he moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c). He did not, however, move for a new trial pursuant to Federal Rule of Criminal Procedure 33. The district judge granted McGowan's motion for acquittal, but did not indicate how he would have ruled on a motion for a new trial had one been made.

The government appealed the district court's grant of a judgment of acquittal on the § 242 counts. We reversed, holding that the evidence was sufficient to allow a jury to conclude that McGowan had "used force against two inmates for the sole purpose of causing them harm," and remanded for assignment to another district judge. *United States v. McGo-*

*wan*, 338 Fed. Appx. 662 (9th Cir. 2009). Following the remand, McGowan filed a motion for a new trial, which the new district judge denied as untimely.

Upon the reinstatement of McGowan's conviction, the probation office submitted a report that calculated McGowan's Sentencing Guidelines range as 41 to 51 months of incarceration. It later submitted a letter recommending that McGowan nevertheless be sentenced to a term of probation and home detention. The government objected to the probation office's recommendation, disputing, among other things, the characterization of McGowan as a "productive and law abiding member of his community." The government emphasized that McGowan had been accused of using methamphetamine and smuggling drugs to inmates in prison, allegations that it argued were "sufficiently credible that he should not receive a below guidelines sentence based on previous good conduct." These allegations were based entirely on the claims of Ricky Seevers ("Seevers"), an inmate who served time at the Chino state prison at which McGowan worked.

At the sentencing hearing, the new district judge calculated the Guidelines range to be 51 to 63 months.[1] After hearing arguments from both parties, he announced that he was imposing a sentence of 51 months. In the course of explaining how he had arrived at this decision, he recounted Seevers' allegations regarding McGowan's drug activities, concluding that this "information was given under circumstances which gives the Court confidence of its reliability." McGowan now appeals.

## II.

[1] McGowan contends that the first district judge failed to

---

[1]In contrast to the probation office, the district judge determined that McGowan had committed perjury at trial and that a two-level obstruction of justice enhancement should be applied.

comply with the dictates of Federal Rule of Criminal Procedure 29(d) by granting his motion for a judgment of acquittal without making a conditional determination as to whether he would also grant him a new trial under Rule 33 should the judgment of acquittal be reversed (as it ultimately was). Rule 29(d) provides:

> If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed.

Fed. R. Crim. P. 29(d)(1). Because this claim was not raised before the district court, we review for plain error. *See United States v. Treadwell*, 593 F.3d 990, 996 (9th Cir. 2010).

**[2]** In referring to "any motion for a new trial," Rule 29(d) refers only to pending new trial motions made by the defendant. McGowan's interpretation of Rule 29(d) — that a conditional new trial ruling must be made whenever the district court grants a motion for acquittal, regardless of whether a motion for a new trial has been made — is contrary to prior interpretations of the Rule as well as to the construction of the Advisory Committee on the Federal Rules. That the motion must be pending and actual, and not hypothetical or potential, follows from the strict time limits that Rule 33 places on the filing of motions for a new trial: all such motions not based on newly discovered evidence must be made within 14 days following the jury's verdict. Fed. R. Crim. P. 33(b)(2). That the motion must be made by the defendant, and not by the court, follows from the principle that the defendant is entitled to pursue his defense in the manner of his choosing. There may well be reasons for a defendant to move for acquittal but not for a new trial. In *Theus v. United States*, for example, defense counsel moved for acquittal but not for a new trial because a grant of a new trial would have exposed his client to a harsher sentence. 611 F.3d 441, 447 (8th Cir. 2010).

Requiring that a district court *always* make a conditional ruling would deprive the defendant of the opportunity to make a decision as to whether he wanted to make such a motion. As the First Circuit observed in reaching the same conclusion that we do here, the choice to move for a new trial "is the defendant's — and the defendant's alone." *United States v. Moran*, 393 F.3d 1, 9 (1st Cir. 2004).

We confronted a similar circumstance in *United States v. Navarro Viayra*, 365 F.3d 790 (9th Cir. 2004). In that case, the defense had, after the jury returned a guilty verdict, moved for a judgment of acquittal but not for a new trial. *Id.* at 791. The district court first denied the motion for acquittal, then converted it into a motion for a new trial, which it granted. *Id.* We reversed, holding:

> Rule 29 prohibits sua sponte conversion of a motion to acquit into a motion for a new trial. Rule 33 precludes a district court from granting a new trial on its own motion. Taken together, the rules permit a judge to order a new trial only in response to a defendant's motion.

*Id.* at 795.

McGowan contends that his case is distinguishable because in *Navarro Viayra* the district court had *denied* the motion for acquittal and therefore failed to trigger the requirements of Rule 29(d). The same factors that supported our conclusion in *Navarro Viayra*, however, support the application of that rule here.[2] As we emphasized in *Navarro Viayra*, the Advisory Committee Notes to Rule 29 explain that the rule was

---

[2]Indeed, the First Circuit relied on our decision in *Navarro Viayra* in holding that a district judge did not err when, having granted a motion for acquittal (that was later reversed), he did not make a conditional ruling as to a new trial when the defendant had not moved for one. *See Moran*, 393 F.3d at 9.

changed to eliminate language referring to the power of the court to order a new trial because "[m]otions for new trial are adequately covered in Rule 33," and "the original wording is subject to the interpretation that a motion for judgment of acquittal gives the court power to order a new trial even though the defendant does not wish a new trial and has not asked for one." Fed. R. Crim. P. 29, Advisory Committee Notes, 1966 Amendments. Likewise, the Committee Notes to Rule 33 state that the rule's language was intended to "make it clear that a judge has no power to order a new trial on his own motion, that he can act only in response to a motion timely made by a defendant. Problems of double jeopardy arise when the court acts on its own motion." Fed. R. Crim. P. 33, Advisory Committee Notes, 1966 Amendments. The rule underlying this commentary is clear: the district court may not sua sponte grant a new trial. *See Navarro Viayra*, 365 F.3d at 795.

**[3]** We hold that a judge granting a motion for acquittal may conditionally rule on a motion for a new trial only if the defendant has made such a motion. The district judge thus did not err in failing to conditionally grant McGowan a new trial, as McGowan did not make a motion requesting one.

### III.

McGowan claims, next, that his trial counsel rendered constitutionally ineffective assistance in failing to file a new trial motion. As a "general rule," we "do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) (quoting *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005)). "Challenge by way of a habeas proceeding is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Laughlin*, 933 F.2d 786, 788-89 (9th Cir. 1991) (quoting *United States v. Pope*, 841 F.2d 954, 958 (9th Cir. 1988)). There are, however, two

"extraordinary exceptions to this general rule": "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *Jeronimo*, 398 F.3d at 1156 (citing *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004)).

Neither exception applies in this case. It is not clear from the record currently before us that McGowan's counsel's performance was deficient. "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). There may well be legitimate justifications for an attorney not to file a motion for a new trial in a particular case. As the First Circuit explained in dismissing a similar ineffective assistance claim because it was raised on direct appeal, "tactical and strategic reasons why a party might seek a judgment of acquittal but not a new trial" include "a fear that the prosecution will learn from its mistakes and put in a more persuasive case the second time around, a fear that the decision-maker will take a request for acquittal less seriously if a possible compromise — such as a new trial — is on the table, or a fear that a shift in judges will lead to a stiffer sentence." *Moran*, 393 F.3d at 10; *see also Theus*, 611 F.3d at 447 (rejecting a § 2255 petitioner's ineffective assistance of counsel claim where his attorney had moved for a judgment of acquittal but had not moved for a new trial because a new trial would have allowed the government to "seek a superceding indictment" charging the defendant with a crime that would "yield a much higher sentence"). These considerations could motivate an attorney not to seek a new trial even after the trial judge had already granted a judgment of acquittal. A rational defense attorney might not want to provide any basis for the district judge to adopt a compromise or reconsider his judgment, or to expose his cli-

ent to the possibility of sentencing before a different district judge should the judgment of acquittal be reversed.

**[4]** It is equally possible, of course, that counsel failed to make a new trial motion because he was unaware of or misread the applicable Federal Rules, or was otherwise deficient in the performance of his duties. *See, e.g., United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) (concluding that a § 2255 petitioner had been deprived of effective assistance when his trial counsel failed to file a motion for new trial, even after being directed to do so by the district court, because he misapprehended the filing deadline). McGowan's counsel has not yet had an opportunity to explain his actions. *See Moreland*, 622 F.3d at 1157 (holding that the record was insufficiently developed to entertain an ineffective assistance claim in part because "defense counsel ha[d] not had an opportunity to explain his actions") (citing *Laughlin*, 933 F.2d at 789). We therefore cannot "tell from [the] record whether the [failure] to seek a new trial . . . was a calculated stratagem or a mere oversight." *Moran*, 393 F.3d at 10-11. Accordingly, we dismiss McGowan's ineffective assistance of counsel claim without prejudice to renewing it in a § 2255 proceeding before the district judge to whom this case will be assigned following remand.

## IV.

**[5]** McGowan contends, finally, that he was deprived of due process when the district court took into account Seevers' unreliable allegations when imposing a 51-month sentence upon him. To establish that his right to due process was violated, McGowan must show that the allegations were "(1) false or unreliable, and (2) demonstrably made the basis for the sentence." *United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (quoting *United States v. Ibarra*, 737 F.2d 825, 827 (9th Cir. 1984)).

*1.    "False or unreliable"*

"Challenged information is deemed false or unreliable if it lacks 'some minimal indicium of reliability beyond mere allegation.' " *Id.* at 936 (quoting *Ibarra*, 737 F.2d at 827). Here, the district judge abused his discretion in finding that Seevers' claims were reliable.

Seevers did not testify at McGowan's trial or sentencing hearing. Instead, the government submitted two documents which contained his allegations of McGowan's drug activity. The first was a transcript of an FBI interview. In that interview, Seevers told FBI agents that, while on parole in 1999 or 2000, he had, in the course of assisting a friend, happened upon McGowan's house. According to Seevers' story, McGowan recognized him from his time in Chino, and invited him into his home to snort methamphetamine, an invitation Seevers accepted. Seevers claimed that later, on two separate occasions, he gave McGowan speed, some of which he was to deliver to inmates in prison. Finally, Seevers contended that, after he was arrested and returned to prison, McGowan came to his cell and gave him a quarter gram of speed. To confirm his story, Seevers accurately described to the agents the location of McGowan's house.[3]

The second document was a transcript of Seevers' testimony in the trial of Shayne Ziska, a Chino prison guard who was charged with misconduct involving smuggling drugs into the prison. Seevers, a prosecution witness, was asked on cross-examination whether he had also reported that McGowan engaged in similar misdeeds. Seevers confirmed that he had, saying, "I'd give him drugs, and he would take them back in the prison."

---

[3]McGowan claimed that the reason Seevers knew the location of his house was that, when McGowan purchased it, he found Seevers and several companions squatting there. He contended that he called the police to aid in evicting the squatters.

There is no further evidence in the record or inference that might be drawn in support of Seevers' extremely serious charges, and no explanation as to why McGowan would have engaged in such felonious conduct with Seevers. Most important, the sentencing judge had no opportunity to observe Seevers in order to evaluate his credibility, and no one representing McGowan's interests ever had an opportunity to cross-examine Seevers in order to test the veracity of his accusations.

**[6]** We considered a similar challenge to the reliability of evidence at sentencing in *United States v. Hanna*, 49 F.3d 572 (9th Cir. 1995). We agree with McGowan that *Hanna* compels us to conclude that Seevers' allegations were insufficiently reliable to be considered at sentencing. First, Seevers' allegations, like those of Hanna's accuser, were not subjected to many of the procedural mechanisms traditionally used to test witness testimony. The fact that Seevers testified fleetingly in court, under oath, in another proceeding — presumably the primary basis for the district judge's determination that his statements were reliable — does not in and of itself justify a finding of reliability. The allegations in *Hanna* were likewise made under oath, but we nevertheless found them unworthy of credence. *See id.* at 577. In *Hanna*, moreover, the district judge witnessed the accuser's testimony, and had the opportunity to evaluate his demeanor and credibility. *Id.* Here, the district judge had before him only the bare record of an already-completed trial, in which Seevers' mention of McGowan played an extremely minor part. Furthermore, the defendant in *Hanna* had an opportunity, albeit limited, to cross-examine his accuser and probe the veracity of his statements. *Id.* McGowan was afforded no such opportunity: in fact, Seevers' statements were made in a trial at which *no* party had any incentive to question his claims regarding McGowan.

Second, there is little reason, other than the fact that he was under oath, to believe Seevers' claims. He had "everything to gain and nothing to lose by implicating" McGowan. *Id.* at

578. As a jailhouse informant, he presumably provided information to the FBI in the hope of being granted some sort of leniency, and could be expected to confirm the truth of this information when he testified at trial. *Cf. Gonzalez v. Wong*, No. 08-99025, 2011 WL 6061514, at \*33-\*37 (9th Cir. Dec. 7, 2011) (W. Fletcher, J., concurring) (recounting a 1989-90 Los Angeles County Grand Jury investigation that revealed the disturbing ease and frequency with which jailhouse informants provided false testimony). Seevers' claims regarding McGowan were, moreover, completely uncorroborated: that he knew the location of McGowan's home says nothing about whether his assertions that McGowan smoked methamphetamine with him and smuggled drugs into prison were true, especially given the conflicting explanations of how Seevers learned of the address.

**[7]** In sum, Seevers' allegations were made under oath but absent any other procedural mechanism that would ensure that a witness with the incentive to lie was telling the truth. They were "not only inconsistent with [McGowan's] denials, but were unsupported by . . . any other evidence." *Hanna*, 49 F.3d at 578. They therefore lacked the requisite "minimal indicium of reliability" to serve as a basis for McGowan's sentence.

## 2.    *"Demonstrably made the basis for the sentence"*

**[8]** In determining whether a defendant has shown that unreliable information was "demonstrably made the basis for [his] sentence," we "read the record and decide whether reliance on [the] information . . . probably did occur." *United States v. Corral*, 172 F.3d 714, 716 (9th Cir. 1998). Seevers' allegations were plainly a factor in the district court's sentencing decision. At the outset of the hearing, the district judge said, "As the defendant has properly and correctly gleaned, the Court was concerned about the transcript that the government provided in the matter of the United States v. Shane Ziska." He further stated, after describing the nature of the assaults for which McGowan was convicted, that the

"[b]igger problem is the problem raised by Mr. Seevers. That is unforgivable." Most important, in the course of explaining why he had chosen to impose the sentence he did, the district judge explicitly found that Seevers' claims were reliable. Under Federal Rule of Criminal Procedure 32, a sentencing court "must — for any . . . controverted matter — rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); *see also United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000) (If a sentencing court "chooses not to rely upon a disputed factual statement . . . it must clearly state that the disputed fact was not taken into account."). The district judge neither stated that a ruling was unnecessary nor that the disputed fact was not taken into account. That he instead complied with his obligation under Rule 32 by making a ruling that Seevers' claims were reliable leaves little room to doubt that Seevers' unsupported claims affected the sentence imposed.[4]

## 3. *Reassignment*

McGowan requests that we remand to a different judge for re-sentencing. The sentencing judge's statements at the bail hearing strongly suggest that he would reimpose a 51-month sentence were this case remanded to him. Because he would likely have "substantial difficulty in putting out of his . . .

---

[4]The government asserts that the sentencing judge's later statements at a hearing for bail pending appeal demonstrate that Seevers' allegations had no such effect. At the hearing, the judge said that "[i]t would have been the same sentence" without the Seevers allegations, and that "Seevers doesn't enter into it." These comments are, however, difficult to reconcile with his earlier statements at the sentencing hearing and the requirements of Rule 32. In addition, the district judge stated at the bail hearing that Seevers' allegations were a factor in his decision to reject the probation office's recommendation that McGowan receive a sentence of probation. That alone is sufficient for the allegations to have been made the basis for the sentence imposed.

mind previously-expressed views," because his inability to do so could undermine the appearance of justice in these proceedings, and because re-sentencing before a different judge would involve minimal duplication of effort, reassignment to a new judge is appropriate. *United States v. Arnett*, 628 F.2d 1162, 1165 (9th Cir. 1979).

## V.

[9] We hold that the district court did not err in failing to make a conditional new trial ruling at the time it granted McGowan's motion for acquittal. We also hold that we cannot, on this appeal, determine whether McGowan's counsel was constitutionally deficient in failing to request such a ruling. Accordingly, we affirm McGowan's conviction, but without prejudice to his filing a claim for ineffective assistance of counsel in a § 2255 proceeding. We also conclude that McGowan's right to due process was violated when the district court relied on unreliable, unsubstantiated allegations in imposing his sentence. We therefore vacate McGowan's sentence and remand for further proceedings before a district judge who has not previously presided over this case.[5]

**AFFIRMED** in part, **VACATED** in part and **REMANDED**.

---

[5]Upon remand, in addition to filing a § 2255 petition regarding ineffective assistance of counsel before the new judge to be assigned, McGowan may make whatever further filing he deems appropriate, including a motion for bail. We deny his pending oral bail motion without prejudice.