**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30056 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00012-RRB-1 |
| v. | |
| RONALD MARVIN ROBERT WULF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted August 29, 2012
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

Ronald Marvin Robert Wulf ("Wulf") appeals his jury conviction for being a

felon in possession in violation of 18 U.S.C. § 922(g)(1). We have jurisdiction

pursuant to 28 U.S.C. § 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Wulf was restrained with ankle chains during his one-day trial, except during jury selection and Wulf's testimony. We review a district court's decision to shackle a defendant for abuse of discretion. *Morgan v. Bunnell*, 24 F.3d 49, 51 (9th Cir. 1994). Both parties agree that the district court erred in requiring Wulf to be shackled and that the court did not make the requisite findings. Wulf's request for structural error review is foreclosed by our precedent. *See Duckett v. Godinez*, 67 F.3d 734, 749 (9th Cir. 1995) ("Shackling, except in extreme forms, is susceptible to harmless error analysis.").

Given the strength of the government's case against Wulf and that there is no evidence in the record that any juror saw or was aware of Wulf's restraints, we conclude that any error from shackling was harmless. *See Castillo v. Stainer*, 983 F.2d 145, 149 (9th Cir. 1992) (finding shackling at trial harmless error because defendant only wore waist chain that could not have been seen by jury and the state demonstrated that defendant was guilty of aiding and abetting and murder). The district court removed Wulf's ankle restraints during voir dire and took precautions (e.g., removing the ankle shackles during voir dire, excusing the jury prior to Wulf taking and leaving the stand, and devising a process for handling sidebar discussions), making it unlikely that the restraints were visible.

Although Wulf is represented by counsel, he raises several claims in his pro se supplemental briefs, all of which lack merit. Wulf presents no evidence about individuals he claims were excluded from the jury pool or about the party that excluded potential jurors. Thus, he does not satisfy any of the steps of raising a valid challenge under *Batson v. Kentucky*, 476 U.S. 79, 96-98 (9186). Wulf also provides no evidence that there was any communication between dismissed jurors and other prospective jury members. He was also given an opportunity to conduct additional voir dire of potential jurors and declined to do so.

Wulf also contends that the government failed to prove that he was not prohibited from possessing a firearm either because (1) he is Native American or (2) Alaska did not expressly inform him that he could not possess a firearm. Lack of restoration of rights is not an element of a § 922(g) charge. *United States v. Fisher*, 137 F.3d 1158, 1166 (9th Cir. 1988). The government was only required to prove that "at the time [Wulf] possessed firearms, he had been convicted of a crime punishable by imprisonment for a term of more than one year." *Id.* Wulf stipulated that he was a felon and made no argument at trial regarding his status as a Native American. The evidence demonstrated that he possessed the firearm at issue.

3

Contrary to Wulf's argument, the admission of evidence relating to Wulf's involvement in another assault on the evening of November 6, 2008 did not constitute an amendment of the indictment. The only issue at trial was whether Wulf possessed the .22 caliber Smith & Wesson and no other charge was submitted to the jury. The district court did not err in considering Wulf's state assault conviction in the context of sentencing and determining the appropriate offense level for Wulf's felon in possession conviction. *See* 18 U.S.C. § 3553(a).

Finally, nothing in this case warrants a departure from the general rule that we do not review challenges to the effectiveness of counsel on direct appeal. *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012).

**AFFIRMED.**