**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

CHRISTIN DIANNE DIDIER,

Defendant - Appellee.

No. 13-30233

D.C. No. 9:12-cr-00036-DWM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

A jury found Christin Didier guilty of seven counts of mail fraud and one count of conspiracy to commit mail fraud. The government appeals the district court's order granting Didier's motion for a judgment of acquittal pursuant to Federal Rule of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Criminal Procedure 29 and its alternative order granting a conditional new trial. We have jurisdiction under 28 U.S.C. § 1291, and reverse and remand.

**1.** We review the grant of a judgment of acquittal de novo, *United States v. Young*, 458 F.3d 998, 1004 n.13 (9th Cir. 2006), and ask "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

**2.** The district court erred in concluding that no rational trier of fact could have found Didier's misrepresentations material. The insurance policy required the carrier to pay for the "reasonable increase" in Didier's living expenses resulting from a "covered loss." Didier misrepresented that she had incurred an increase in her living expenses by virtue of the covered loss. This was "capable of influencing" the carrier's decision to pay her pursuant to the policy. *United States v. Blixt*, 548 F.3d 882, 888 (9th Cir. 2008). Even if the amount of expenses claimed would have been reasonable had Didier actually incurred them, the policy requirement of an "increase" made Didier's misrepresentations material.

**3.** The district court erred in alternatively granting Didier a conditional new trial because Didier never moved for a new trial. A district court may not grant a

2

conditional new trial sua sponte.  *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012).

**REVERSED AND REMANDED.**