**NOT FOR PUBLICATION**

**FILED**

JAN 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50017 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-01014-ODW-1 |
| v. | |
| JOHN WINSTON BOONE, AKA American Blog, Inc., AKA Great Ideas, LLC, AKA John Greene, AKA HS Consortium, Inc., AKA John King, AKA John Smith, AKA Justin Winabali, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted December 5, 2016
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John Winston Boone pleaded guilty to and was convicted of two counts of wire fraud, in violation of 18 U.S.C. § 1343. He appeals the 120-month sentence imposed by the district court. We affirm.

First, Boone's argument that the district court improperly participated in sentencing negotiations by pressuring Boone to "nullify a related state civil court decision to avoid a harsher sentence" fails. A district court can consider a defendant's recalcitrant behavior at sentencing. Warning a defendant of the consequences of his behavior during sentencing is not a quid pro quo exchange as in *United States v. Gonzalez-Melchor*, 648 F.3d 959 (9th Cir. 2011), and is not improper.

Second, Boone argues that the government breached the plea agreement by "us[ing] [Boone's] arguments [about the value he allegedly gave to victims] to draw adverse inferences about his personal character." The plea agreement did not prohibit the government from challenging Boone's arguments regarding loss and restitution, and expressly allowed the government "to argue for a sentence outside the sentencing range established by the Sentencing Guidelines."

Third, Boone's argument that the district court violated his right to allocution fails. The district court invited Boone to allocute three times. He was

not interrupted, and the court did not ask any questions during the second and third allocutions. In total, these allocutions cover almost 10 pages of transcript.

Fourth, Boone's argument that his sentence should be reversed based on the district court's "arbitrary and capricious" sentencing procedures is meritless. Boone asserts that the district court "moved the target" by first instructing Boone to file a satisfaction of judgment, then instructing him to vacate the judgment in the related state court action. The district court did not "move the target," but rather changed its tentative viewpoint in response to the government's argument that "a satisfaction of judgment . . . is not justice because that would say [V.A.] owed the money and she paid it." Indeed, regardless of the court's disagreement with defense counsel's decision to prepare a satisfaction of judgment and declaration asserting that Boone will not attempt to collect on the judgment, the court explained that it would no longer consider a statutory maximum sentence.

Moreover, Boone argues that two[1] "clearly erroneous facts" were the basis of the district court's sentence. Boone first argues that the district court erroneously accused him of failing to take full responsibility, which is allegedly inconsistent with giving Boone the three-level reduction for acceptance of

---

[1] In his opening brief, Boone also argues that the district court based its sentence on a third "clearly erroneous fact": that Boone's community service was tainted by fraud. However, he withdrew that argument in his reply brief.

responsibility under the U.S. Sentencing Guidelines § 3E1.1(a). The alleged inconsistent statements consist of the district court's comments on Boone's callousness, lack of remorse, and lack of understanding of the seriousness of his crime. These statements were not inconsistent with awarding Boone the three-level reduction for acceptance of responsibility under § 3E1.1(a) for admitting the conduct comprising the offense of conviction and not putting the government to its burden of proof at trial.

Boone also argues that the district court was incorrect in stating that one of the victims sought the return of his investment because he needed life-saving medical treatment. Although it is true that the victim needed money to pay medical bills, there is no evidence that the medical bills were for "life-saving medical treatment." Boone does not demonstrate that the misinformation constituted the basis for his sentence. *See United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012). Any error was harmless because the statement was not material to the district court's decision.

Further, the district court's explanation of its sentence was sufficient. The court held four sentencing hearings. When imposing the sentence, the court gave a statement of reasons that discussed the Sentencing Guidelines, the § 3553(a) factors, specific facts of the crime, and Boone's background and criminal history.

This explanation was adequate to permit meaningful appellate review. *See Gall v. United States*, 552 U.S. 38, 50 (2007).

Fifth, Boone's argument that his sentence is substantively unreasonable is meritless. The district appropriately considered "the applicable Guidelines range as 'the starting point and the initial benchmark.'" *United States v. Henderson*, 649 F.3d 955, 964 (9th Cir. 2011) (quoting *Gall*, 552 U.S. at 49), and compelling aggravating factors justified the sentence. Moreover, while Boone may have satisfied the technical requirements in the Sentencing Guidelines for acceptance of responsibility, his statements to the district court indicated that he had no understanding of the harm he had inflicted on the victims. Finally, the mitigating factors identified by Boone did not deprive the court of its discretion to impose a 120-month sentence. *See United States v. Barsumyan*, 517 F.3d 1154, 1159 n.6 (9th Cir. 2008) (noting that mitigating factors are a part of "a holistic § 3553(a) review"). The mitigating factors were properly considered by the district court, which gave them little weight in comparison to the aggravating factors.

Finally, Boone's request for judicial notice is denied. *See* Fed. R. Evid. 201(b)(2).

**AFFIRMED.**