NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 7 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10407 |
| Plaintiff-Appellee, | DC No. 4:14 cr-0607 PJH-3 |
| v. | |
| GLENN GUILLORY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief District Judge, Presiding

Argued and Submitted July 11, 2018
San Francisco, California

Before: TASHIMA, GRABER, and HURWITZ, Circuit Judges.

Glenn Guillory ("Guillory") appeals his jury conviction for conspiring to

suppress and restrain competition by rigging bids at home foreclosure auctions, in

violation of § 1 of the Sherman Act, 15 U.S.C. § 1. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** The government adduced sufficient evidence to support Guillory's conviction. Jurors were provided with more than one co-conspirator's testimony regarding Guillory's participation in bid-rigging, as well as Guillory's own testimony, and we will not second-guess the jury's credibility assessments. *United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (en banc). "[V]iewing the evidence in the light most favorable to the prosecution," *id.* at 1164, a rational trier of fact could, and did, find the essential elements of the crime, including that Guillory was willfully and knowingly involved in the conspiracy to rig bids.

**2.** The district court did not plainly err in its jury instructions, or in failing *sua sponte* to provide a specific instruction regarding secondary auctions, known as "rounds." The jury instructions, as a whole, included a clear definition of the specific crime of bid-rigging and all of the elements that a jury was required to find in order to convict Guillory of that crime. *See United States v. Houston*, 648 F.3d 806, 818 (9th Cir. 2011). Further, because there was sufficient evidence to support the conviction, any error would not have affected Guillory's substantial rights. *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015).

**3.** The district court did not commit plain error with respect to the government's closing arguments. *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1190–91 (9th Cir. 2015). The government's statement about rounds, viewed

in the context of the entire argument and the entire trial, was permissible and did not affect the fairness or integrity of the judicial proceedings. *Id.* at 1191.

4.      The district court did not preclude any relevant evidence by granting the government's motion *in limine* to prohibit Guillory from introducing evidence or argument that the bid-rigging agreements were reasonable. "Bid rigging is . . . a per se violation of the Sherman Act." *United States v. Joyce*, No. 17-10269, 2018 WL 3370812, at *2 (9th Cir. July 11, 2018). And "[t]he rule of reason inquiry . . . is inapplicable if 'the restraint falls into the category of agreements which have been determined to be per se illegal.'" *Id.* (quoting *United States v. Brown*, 936 F.2d 1042, 1045 (9th Cir. 1991)). Guillory remained free to argue that he lacked intent to join or participate in the conspiracy to rig bids.

5.      We decline to consider Guillory's claims of ineffective assistance of trial counsel. *See, e.g.*, *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) ("As a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal. Challenge by way of a habeas proceeding is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." (citations omitted)).

**AFFIRMED.**