**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-30032 |
| Plaintiff-Appellee, | D.C. No. 16-CR-2079-SAB-1 |
| v. | |
| DANIEL WOOLEM, AKA Daniel Wayne Woolem | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley A. Bastian, District Judge, Presiding

Submitted April 12, 2019**
Seattle, Washington

Before:  FLETCHER, CALLAHAN, and CHRISTEN, Circuit Judges.

Defendant-Appellant Daniel Woolem appeals his conviction for conspiracy

to distribute and distribution of methamphetamine in violation of 21 U.S.C. §§

841(a)(1), (b)(1)(A) and 846, and 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Woolem

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

presents interconnected claims of prosecutorial misconduct and ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

When counsel fails to object at trial to acts of alleged prosecutorial misconduct, we review for plain error. *United States v. Hinton*, 31 F.3d 817, 824 (9th Cir. 1994).

1. The prosecutor did not engage in improper vouching. "The prosecution may not vouch for the credibility of its witnesses by 'placing the prestige of the government behind a witness through personal assurances of the witness's veracity' or 'suggesting that information not presented to the jury supports the witness's testimony.'" *United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012) (quoting *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993)).

We have consistently held that when the defense first attacks a witness's credibility, the prosecutor may ask the witness about the truthfulness requirements of their plea agreement. *See e.g., id.* at 953–54; *United States v. Monroe*, 943 F.2d 1007, 1013 (9th Cir. 1991) (holding that "a reference to the 'truthful testimony' provisions of a witness's agreement with the government does not constitute

---

[1] Because the parties are familiar with the facts and arguments on appeal, we do not recite them here.

vouching if it is made in response to an attack on the witness's credibility because of his plea bargain").

Here, not only did Woolem's counsel attack the credibility of the government's witnesses during his opening statement his counsel's cross examination purposely elicited that the witness was receiving a reduced sentence in exchange for his testimony and Woolem's counsel moved to admit the entire plea agreement into evidence. Only after these attacks on the witness's credibility did the prosecutor elicit further testimony about the witness's understanding of the plea agreement on re-direct. "When the defense opens a door, it should not be surprised to see the prosecutor enter." *Dorsey*, 677 F.3d at 954. We conclude that there was no improper vouching.

2. The prosecutor did not ask Woolem to comment on the veracity of other witnesses at trial. "A prosecutor must not ask defendants during cross-examination to comment on the truthfulness of other witnesses." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1191 (9th Cir. 2015). "This rule is 'black letter law,' and it ensures that determinations of credibility remain within the sole province of the jury." *Id.* (citation omitted) (quoting *United States v. Harrison*, 585 F.3d 1155, 1158 (9th Cir. 2009)).

The prosecutor's questions here were not equivalent to asking Woolem to comment on the truth or falsity of another witness. Our cases finding prosecutorial misconduct involve questions that asked a defendant to comment directly on the testimony of another witness. *Cf. id.* at 1192 (holding that "[y]our testimony is that [they are] inventing stories about you; is that correct?" was improper); *United States v. Combs*, 379 F.3d 564, 567 (9th Cir. 2004) (holding that "[s]o Special Agent Bailey is making that up?" was improper).

3. We decline to consider Woolem's ineffective assistance of counsel claims on direct appeal. "As a 'general rule,' we 'do not review challenges to the effectiveness of defense counsel on direct appeal.'" *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) (quoting *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010)). "Challenge by way of a habeas proceeding is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *Id.* (internal quotations omitted). Neither of our recognized exceptions for review applies. Accordingly, we decline to address Woolem's ineffective assistance of counsel claims without prejudice to his raising them in a properly filed motion under 28 U.S.C. § 2255.

**AFFIRMED.**