**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10444 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00133-GEB-1 |
| v. | |
| KYN K. NAOPE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted July 16, 2019**
San Francisco, California

Before:  PAEZ and RAWLINSON, Circuit Judges, and HUCK,*** District Judge.

Kyn Naope pled guilty to a single violation of conspiracy to commit mail

fraud in March 2017.  The district court sentenced Naope to 60 months

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

imprisonment, $100 special assessment, and $3,480,499 restitution. On appeal,

Naope argues that his counsel rendered ineffective assistance of counsel during

sentencing. We have jurisdiction under 28 U.S.C. § 1291 and we affirm without

prejudice so that Naope may raise this claim in a collateral proceeding, under 28

U.S.C. § 2255.

"[T]he customary procedure in this Circuit for challenging the effectiveness

of defense counsel in a federal criminal trial is by collateral attack on the

conviction under 28 U.S.C. § 2255." *United States v. Schaflander*, 743 F.2d 714,

717 (9th Cir. 1984) (citation omitted). "Ineffective assistance claims will be

considered on direct review only where the record is sufficiently developed to

permit determination of the issue or where legal representation is so inadequate

that the defendant obviously was denied his Sixth Amendment right to counsel."

*United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) (citation omitted).

Here, the record is insufficient for review on direct appeal because it does

not show the basis for counsel's actions. *See United States v. McGowan*, 668 F.3d

601, 606 (9th Cir. 2012) (declining to review an ineffective assistance of counsel

claim on direct appeal because the court could not "tell from [the] record whether

the [failure] to seek a new trial . . . was a calculated stratagem or a mere

oversight") (internal quotation marks and citation omitted) (alterations in original).

Moreover, counsel's performance was not obviously inadequate under the Sixth

Amendment.  *See United States v. Kazni*, 576 F.2d 238, 242 (9th Cir. 1978).  We therefore affirm without prejudice to Naope raising his ineffective assistance of counsel claims in a collateral attack on his sentence under § 2255.

**AFFIRMED.**