NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-10147 |
| Plaintiff-Appellee, | D.C. No. 4:19-cr-00471-HSG-1 |
| v. | |
| RINGO BUFFIN, AKA Lamar Buffin, AKA Raymond Buffin, AKA Richard Buffin, AKA Ringo Buffin, AKA Ringo Lamar Buffin, AKA Ringo Lee Buffin, AKA Robert Lee Buffin, AKA Larry Duffin, AKA Eric Jackson, AKA Richard Nelon, AKA Richard Nelson, AKA Richard Lee Nelson, AKA Arthur White, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted April 17, 2023**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:      CLIFTON, R. NELSON, and BRESS, Circuit Judges.

Ringo Buffin appeals from the district court's judgment and challenges the 112-month sentence imposed following his guilty-plea conviction for possession with intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Buffin contends that his trial counsel rendered ineffective assistance by failing to request a psychiatric evaluation and by failing to argue at sentencing that Buffin's mental illness was a mitigating factor.  We decline to address this claim because we agree with the government that it is not amenable to review on direct appeal.  *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) (explaining that ineffective assistance of counsel claims are reviewed on direct appeal only where the record is sufficiently developed or the legal representation was so obviously inadequate that it denied a defendant his Sixth Amendment right to counsel).

**AFFIRMED.**