**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10187 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-00061-WHO-1 |
| v. | |
| ROSS GORDON LAVERTY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 5, 2023
San Francisco, California

Before: COLLINS, FORREST, and SUNG, Circuit Judges.

Ross Gordon Laverty appeals his conviction and sentence for two counts of

mailing explosive devices with the intent to kill or injure in violation of 18 U.S.C.

§§ 1716(a) and (j)(2), two counts of receiving or possessing a destructive device in

violation of 26 U.S.C. § 5861(d), and two counts of using or carrying an explosive

device to commit the charged offenses in violation of 18 U.S.C. §§ 844(h)(1) and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We decline Laverty's invitation to adopt a heightened competency standard. Laverty argues that the Supreme Court's decision *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), impliedly abrogated the application of the *Dusky* competency standard in cases, such as this, where the defendant refuses to plead guilty in the face of overwhelming evidence. *See Dusky v. United States*, 362 U.S. 402 (1960). We disagree. Given "the Supreme Court's repeated admonitions that it is that Court's 'prerogative alone to overrule one of its precedents,'" *Kashem v. Barr*, 941 F.3d 358, 376 (9th Cir. 2019) (citations omitted), we generally do not find abrogation by implication. Further, we do not see a basis for implied abrogation here. In *McCoy*, the Court held that counsel could not override the defendant's decision to assert innocence, even though counsel believed that the evidence of guilt was overwhelming and conceding guilt would best serve the defendant's interest in avoiding the death penalty. *McCoy*, 138 S. Ct. at 1508–09. In so holding, the Court explained that where the trial court has determined that the defendant is competent under the *Dusky* standard, counsel cannot override the defendant's "steadfast[] refus[al] to plead guilty in the face of overwhelming evidence." *Id.*; *see also id.* at 1509 ("In this case, the court had determined that McCoy was competent to stand trial, *i.e.*, that McCoy had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational

understanding.' If, after consultations with [counsel] concerning the management of the defense, McCoy disagreed with [counsel]'s proposal to concede McCoy committed three murders, it was not open to [counsel] to override McCoy's objection.") (citations omitted). Thus, we see no basis for Laverty's argument that *McCoy* demands a higher standard of competency than the *Dusky* standard.

2. The district court did not err in not ordering a pretrial evidentiary hearing on competency. Under 18 U.S.C. § 4241(a),

> the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The district court complied with these requirements. In response to Laverty's motion, the court ordered a competency evaluation to be performed by the parties' agreed-upon expert, Dr. Chamberlain. After receiving the evaluation, which indicated Laverty was competent, the court held a status hearing and asked Laverty whether an evidentiary hearing was needed. Laverty's counsel indicated he did not see a need at that time, but asked for "a brief period" to make objections to the report if further review revealed issues. Counsel never filed objections, requested a hearing, or took any additional steps concerning competency pretrial.

3

Further, the court did not plainly err by deciding not to sua sponte conduct the evidentiary hearing. Given Dr. Chamberlain's competency evaluation, and the absence of any dispute regarding that evaluation, the district court reasonably found no genuine doubt regarding Laverty's competency. 18 U.S.C. § 4241(a); *United States v. Garza*, 751 F.3d 1130, 1134 (9th Cir. 2014) ("Failing to sua sponte hold a competency hearing is plain error only if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence." (quotation marks and citation omitted)). Ordering an examination does not itself mandate an evidentiary hearing. *Garza*, 751 F.3d at 1138.

3. The district court did not err in denying Laverty's request for a post-trial evidentiary hearing to determine his current and past competency to stand trial. When reviewing a district court's denial of a motion for a competency hearing, we use "a practical standard" that asks "whether a reasonable judge, situated as was the trial judge who denied the motion, should have experienced doubt with respect to the defendant's competence." *United States v. Duncan*, 643 F.3d 1242, 1247 (9th Cir. 2011) (citation omitted). "We engage in a comprehensive review of the evidence, and we are not limited by either the abuse of discretion or clearly erroneous standard." *Id.* (quotations omitted). Here, in response to Laverty's post-trial motion, the district court ordered another expert competency evaluation, and

4

then properly considered all the experts' competency evaluations, the representations of Laverty's attorneys, and the court's own observations of Laverty. *Id.* Based on that evidence, the district court again reasonably found that there was no doubt with respect to Laverty's competence.[1]

4. The district court's factual findings regarding Laverty's competence were not clearly erroneous. *United States v. Turner*, 897 F.3d 1084, 1105 (9th Cir. 2018). In defense counsel's view, it was "irrational" for Laverty to reject the plea offer and proceed to trial, but that alone cannot establish a defendant's incompetence. *See McCoy*, 138 S. Ct. at 1508.

5. Laverty's ineffective assistance of counsel claims are premature. "[A]s a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). There are two "extraordinary exceptions" to that general rule: "(1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate

---

[1] The government argues that the district court lacked authority to hold an evidentiary hearing under Section 4241 to address Laverty's past competency because Section 4241 concerns only present competency. We do not reach the merits of this argument because, even assuming that the district court had authority under § 4241 to hold a retrospective competency hearing, the district court correctly concluded that no such hearing was warranted here.

that it obviously denies a defendant his Sixth Amendment right to counsel." *Id.* at 1156. Neither of those exceptions apply here. To determine whether Laverty's attorney, Babcock, was constitutionally ineffective when he declined to pursue an evidentiary hearing regarding Laverty's competence, or when he declined to conduct further investigation of an insanity defense, a court would need additional evidence regarding Babcock's reasons for making those decisions. *See, e.g., Washington v. Shinn*, 46 F.4th 915, 921–22, 928 (9th Cir. 2022). Thus, we dismiss Laverty's ineffective assistance of counsel claim "without prejudice to its being raised in a proceeding under 28 U.S.C. § 2255." *United States v. McGowan*, 668 F.3d 601, 603 (9th Cir. 2012).

6. The district court did not abuse its discretion in denying Laverty's Rule 45 motion. Laverty filed this motion eight months after the verdict. Therefore, Laverty must demonstrate that his failure to file the motion within the 14-day limit was the result of excusable neglect. Fed. R. Crim. P. 33(b)(2) & 45(b)(1)(B). To assess whether the neglect was excusable, a court considers at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993)). The district court's analysis shows that it

properly considered the *Pioneer* factors and considered the complete record, including its prior orders, in determining that Laverty's failure to timely file was not the result of excusable neglect.

7. The district court did not abuse its discretion in denying Laverty's final motion to continue sentencing. A defendant "establish[es] a Sixth Amendment violation based on the denial of a motion to continue" by "show[ing] that the trial court abused its discretion through an 'unreasoning and arbitrary' insistence upon expeditiousness in the face of a justifiable request for delay." *Turner*, 897 F.3d at 1102 (quoting *Houston v. Schomig*, 553 F.3d 1076, 1079 (9th Cir. 2008)). "Where a denial of a continuance implicates a defendant's Sixth Amendment right to counsel," we consider the five *Turner* factors: "(1) whether the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) whether other continuances have been granted; (3) whether legitimate reasons exist for the delay; (4) whether the delay is the defendant's fault; and (5) whether a denial would prejudice the defendant." *Id.* (citation omitted). Here, the district court appropriately considered the effect of an additional continuance on the victims of the crime, the fact that sentencing had already been continued several times, and the court's reasonable determination that Laverty's additional counsel was capable of effectively representing Laverty at sentencing. The majority of the *Turner* factors support the district court's decision.

**AFFIRMED.**