NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4825 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00422-DEB-1 |
| v. | |
| CLAUDIA CAROLINA MONROY-RAMIREZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 3, 2026
Pasadena, California

Before: GRABER, CLIFTON, and JOHNSTONE, Circuit Judges.

Claudia Monroy-Ramirez appeals her convictions for transporting

unauthorized aliens within the United States and for conspiracy to commit that

offense, as well as for conspiracy to bring unauthorized aliens to the United States

for financial gain. 8 U.S.C. § 1324(a); 18 U.S.C. §§ 2, 371. We have jurisdiction

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

under 28 U.S.C. § 1291 and affirm.[1]

1.      We decline to review on direct appeal whether Monroy-Ramirez's trial counsel rendered constitutionally ineffective assistance by allegedly conceding her guilt to the transportation offenses. *See United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). The record does not show whether Monroy consented to a concession strategy, *cf. United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005), or explain why counsel focused on the bringing-to offenses and failed to counter the government's concession argument, *see McGowan*, 668 F.3d at 605. Counsel's performance was not so inadequate that it obviously denied Monroy-Ramirez her Sixth Amendment right to counsel. *See id.*; *cf. United States v. Swanson*, 943 F.2d 1070, 1072 (9th Cir. 1991). Monroy-Ramirez may raise this claim in a 28 U.S.C. § 2255 proceeding. *See McGowan*, 668 F.3d at 606.

2.      We review for plain error Monroy-Ramirez's sufficiency-of-the-evidence claim. *See United States v. Cruz*, 554 F.3d 840, 844–45 (9th Cir. 2009). Viewed in the light most favorable to the government, sufficient evidence supports the jury's verdict. *See United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc).

---

[1] Monroy-Ramirez asks to join in the appellate arguments of her co-defendant, Kelvin Elias-Ramirez. *See United States v. Elias-Ramirez*, No. 24-4796. We need not resolve whether Federal Rule of Appellate Procedure 28(i) allows her to do so because we affirm Elias-Ramirez's convictions in a concurrently filed memorandum disposition.

A reasonable jury could find from the numerous incriminating text and audio messages admitted at trial that Monroy-Ramirez agreed to join a conspiracy to bring unauthorized noncitizens to the United States for financial gain. *See United States v. Hernandez-Orellana*, 539 F.3d 994, 1007 (9th Cir. 2008). For example, before the noncitizens in this case arrived in the United States, Monroy-Ramirez responded affirmatively to messages from her co-defendant about plans to "throw[] them across," and that "in case of a pursuit let out the people being smuggled and you guys run for it." The co-defendant also told individuals in Mexico and the United States that Monroy-Ramirez would be "left in charge" if anything happened to him.

**AFFIRMED.**