**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10161 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00246-GEB |
| v. | |
| ZACHARY WILLIAM HICKS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Zachary William Hicks appeals from the district court's judgment and

challenges the 100-month sentence imposed following his guilty-plea conviction

for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Hicks contends that the district court procedurally erred by failing to consider his sentencing arguments and mitigating circumstances. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record demonstrates that the district court considered all of the arguments and mitigating evidence; it was not required to address explicitly each mitigating circumstance and each 18 U.S.C. § 3553(a) sentencing factor to show that it had considered them. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc); *United States v. Perez-Perez*, 512 F.3d 514, 516-17 (9th Cir. 2008).

Hicks also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence at the low end of the applicable Guidelines range is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See id.*

Finally, Hicks claims that his counsel rendered ineffective assistance by inadequately highlighting his mitigating circumstances. We decline to consider this claim on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011). Hicks may raise this claim in a 28 U.S.C. § 2255 proceeding. *See United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012).

**AFFIRMED.**

18-10161