**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50267 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00338-SJO-AB-57 |
| v. | |
| TONY GORDON, AKA Wodi, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted October 15, 2019[**]
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,[***] District Judge.

Following a jury trial, Tony Gordon was convicted of conspiracy to

distribute cocaine base and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A)

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

and 846, and conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d). The jury found that the racketeering conspiracy—which included members and associates of a violent gang in Los Angeles—involved murder, robbery, witness intimidation, and distribution of controlled substances. Gordon was sentenced to 360 months of imprisonment. Gordon now appeals his convictions and sentence. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm.

1.     We reject Gordon's generalized challenge to the judicial administration of the Criminal Justice Act. *See* 18 U.S.C. § 3006A. Congress has assigned oversight responsibility for the CJA to the district courts. *Id.* Gordon argues that Congress thereby created a conflict between the district court and the defense function, but his argument is essentially a policy disagreement with the structure of the CJA. We are not free to "rewrite a constitutionally valid statutory text." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1725 (2017).

2.     Nor does Gordon show any specific constitutional infirmity resulting from the district court's performance of its duties under the CJA in this case. Gordon alleges judicial bias and a violation of due process. But the district court's "institutional responsibilities" under the CJA did not give it a "strong . . . motive" to rule against Gordon. *Alpha Epsilon Phi Tau Chapter Hous. Ass'n v. City of Berkeley*, 114 F.3d 840, 844 (9th Cir. 1997) (citation omitted). Gordon refers to

2

two adverse evidentiary rulings, but the rulings do not reflect error, much less "actual impropriety or an appearance of impropriety." *Greenway v. Schriro*, 653 F.3d 790, 806 (9th Cir. 2011).

Gordon also challenges the district court's denial of funding for a psychological evaluation before sentencing. Deciding whether expert services are "necessary" under the CJA falls within the district court's discretion. *United States v. Turner*, 897 F.3d 1084, 1106–07 (9th Cir. 2018) (quoting 18 U.S.C. § 3006A(e)(1)). The district court abuses its discretion when "reasonably competent counsel would have required the assistance of the requested expert for a paying client," and the defendant "was prejudiced by lack of expert assistance." *Id.* at 1106 (citation omitted). Here, Gordon has not shown prejudice. He received a pre-trial mental-health evaluation, which the district court reviewed. The presentence report summarized Gordon's medical history, including mental health, as well as his history of substance abuse. At sentencing, the district court discussed Gordon's difficult upbringing and recommended that the Bureau of Prisons conduct a mental-health evaluation. Gordon does not show how a second mental-health evaluation would have caused the district court to consider mitigating factors that it had not already weighed.

3. We also reject Gordon's generalized challenge to the Sentencing Guidelines. The Supreme Court has upheld the authority of the United States

3

Sentencing Commission to promulgate the Guidelines. *Mistretta v. United States*, 488 U.S. 361, 412 (1989); *see* Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 *et seq.*; 28 U.S.C. §§ 991–998. To the extent Gordon argues that the Commission has not developed appropriate guidelines, *see* 28 U.S.C. § 994(c), he does not identify which guidelines are inconsistent with the statute or how they affected his sentencing.

Even if construed as a challenge to the substantive reasonableness of his 360-month term of imprisonment, Gordon's argument is unavailing. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court carefully considered the sentencing factors under 18 U.S.C. § 3553(a). Gordon's within-Guidelines sentence is substantively reasonable in light of those factors and the totality of the circumstances. *See United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc).

4.      We are not persuaded by Gordon's evidentiary challenges. First, Gordon alleges two violations of the Confrontation Clause at trial. We are not convinced that either example involved a testimonial statement, but even assuming there was an error, it was minor compared to "the overall strength of the prosecution's case." *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986). We are satisfied beyond a reasonable doubt that any error did not contribute to the jury's verdict.

Second, the district court did not err in restricting Gordon's testimony to relevant matters that would not mislead the jury. *See United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996); *see also* Fed. R. Evid. 402, 403.

Third, the district court did not abuse its discretion in admitting photos and law-enforcement testimony about the gang's propensity for violence, gang tattoos and graffiti, and gang operations. Gordon argues that the evidence was unfairly cumulative, but we afford "great deference" to the district court's Rule 403 rulings. *See United States v. Hinkson*, 585 F.3d 1247, 1267 (9th Cir. 2009) (en banc).

Any errors do not amount to cumulative error denying Gordon the right to a fair trial. *See United States v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996).

5.      Gordon argues that the district court erred in giving a jury instruction based on *Pinkerton v. United States*, 328 U.S. 640, 647–48 (1946). *Pinkerton* permits the imposition of liability for a substantive act, not for a RICO conspiracy itself, which is a separate offense. *See Iannelli v. United States*, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes."); *Pinkerton*, 328 U.S. at 643–44. Because Gordon was not charged with any racketeering acts, he argues that it was error to instruct the jury during the verdict phase about his co-conspirator liability for those acts. The instruction may have been unnecessary, but even assuming that it was erroneous, it was not prejudicial. The *Pinkerton* instruction did not purport

5

to instruct the jury on the elements of RICO conspiracy, and it did not supplant the other instructions that correctly identified those elements.

6. We decline to consider Gordon's suggestion of ineffective assistance of counsel because we do not ordinarily consider such a claim on direct appeal. *See, e.g.*, *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010). While we may make an exception when the record is "sufficiently developed" or "the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel," *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) (citation omitted), neither of those conditions is present. Gordon may raise his claims of ineffective assistance in a proceeding under 28 U.S.C. § 2255. *See United States v. McGowan*, 668 F.3d 601, 606 (9th Cir. 2012).

**AFFIRMED**.